ROMERO, PETITIONER AND APPELLEE, *v.* IRIZARRY, OPPOSER AND APPELLANT.

APPEAL from the District Court of Mayagüez in an Action for the Survey of Property.

No. 1668.—Decided July 6, 1917.

SURVEY—AMBIGUOUS PETITION—EVIDENCE—JUDGMENT ON PLEADINGS.—A verified petition for an order for the examination and survey of one property of

the petitioner and two of the respondent cannot be considered ambiguous and uncertain when the petitioner alleges that the property belonging to him is included within those of the respondent and he seeks to ascertain the location of the same, for these allegations contain all the facts necessary to justify his claim according to section 286 of the Code of Civil Procedure, and although paragraph 3 of the said section prescribes that the testimony must be produced in the same manner as provided for hearings on injunctions, that provision is applicable when the interested parties offer evidence and not when the case has been decided on the merits of the pleadings.

The facts are stated in the opinion.

*Mr. Angel A. Vázquez* for the appellant.

*Mr. Frank Martínez* for the appellee.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

In April, 1917, José Romero filed a verified petition in the District Court of Mayagüez, alleging the following material facts as grounds for his action: That he owns a property known as "Peñón" situated in the ward of Rosario Peñon of the Municipality of San Germán, containing 12 *cuerdas* of land and bounded as described by him in the petition; that Francisco Irizarry is in possession of two rural properties, one containing 34 and the other 20 *cuerdas* of land, both of which are situated in the said ward of Rosario Peñón of the Municipality of San Germán and bounded as described; that he has a bona fide claim to the possession and use of the property belonging to him which is in the possession of Irizarry and comprised within the two properties of the latter; that in order to determine the location of his property in the possession of Irizarry it is necessary to make an examination and survey of said property and of the two properties of Irizarry; that on February 23, 1917, he made a demand in writing upon Irizarry to allow the examination and survey of the properties in question, a copy of which, with proof of its delivery, is exhibited, but Irizarry did not grant him the authorization requested.

The petition concludes with a prayer that the court enter an order for the examination and survey of the three properties in question by such surveyor or surveyors and assistants as the petitioner may designate.

A day having been set for the hearing on the petition, Francisco Irizarry opposed the same, alleging that it was insufficient to sustain the action brought by the plaintiff and that it was ambiguous and uncertain. He alleged also that the two properties belonging to the defendant and described in the complaint are not contiguous properties, but are located in distinct parts of the ward of Rosario Peñón of San Germán and separated by properties of third persons, and that the said properties are not bounded on any of their cardinal points by a property owned by the plaintiff. He denied also that he was in the possession of the property of José Romero.

As a special defense he added that the plaintiff has instituted the proceedings against the defendant although there was no action pending between them regarding the possession or ownership of the properties described in the complaint.

The Mayagüez court rendered its decision on April 13, holding that under the provisions of section 286 of the Code of Civil Procedure the law and the facts were in favor of the petitioner, and ordered the examination and survey of his property and of the two properties belonging to Francisco Irizarry, the petitioner to employ the services of the necessary surveyor and assistants all for his own account, and that a certified copy of the said order should issue and serve as a formal warrant for the execution of the said acts.

Corresponding with the said order, on April 16, on the oral motion of the attorney for José Romero, the said court rendered judgment, again ordering the examination and survey referred to in the previous order. From that judgment,

which was entered on April 16, the contestant, Francisco Irizarry, took the present appeal to this court.

The appellant alleges that the court erred in overruling the demurrer which set up that the petition for a survey was insufficient to establish the cause of action asserted and that the complaint was ambiguous and uncertain, as well as in entering an order for the survey without having examined any evidence.

The first paragraph of section 286 of the Code of Civil Procedure, which governs the present case, provides that any person having a bona fide claim to the possession, title of, or interest in any real property or mining claim which may be in the possession of another and it is necessary for the ascertainment, enforcement, or protection of such rights or interests that an examination or survey of such property be had, and the person so in the possession thereof fails or refuses for three days after demand on him made in writing to permit such examination or survey to be made, the party desiring the same may apply to the court for an order for such examination and survey; whether he has an action concerning such property pending in such court or not.

Paragraph 2 of the said section prescribes the formalities to be complied with in the petition for the issuance of the order for the examination or survey—namely, that the petition must be made under oath, setting out a description of the property, interest of the party therein, that the premises are in the possession of a party, naming him, the reason why such survey or examination is asked, the demand made for the same, and the refusal thereof.

Paragraph 3 defines the procedure to be followed for the hearing on the petition for the examination or survey and provides that the testimony must be produced in the same manner as provided for hearings on injunctions.

After examining the foregoing statutory provisions in connection with the petition of José Romero, we find that the petition alleges all the facts necessary to support the

claim of José Romero and that it also complies with all the requirements fixed by law. It cannot be considered ambiguous or uncertain.

José Romero believes that he has a right to claim the possession and use of a property belonging to him, which he thinks is comprised within two properties in the possession of Francisco Irizarry, and it is in order to ascertain precisely its location that he asks for the examination and survey.

It is true that section 286 of the Code of Civil Procedure provides that the testimony must be produced in the same manner as provided for hearings on injunctions, but that provision must be understood as applicable when the interested parties present evidence, which it does not appear that they did in the present case. This case was decided on the merits of the pleadings, and the errors on which the appellant based his appeal were not committed by the court in rendering its decision.

The judgment appealed from should be

*Affirmed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.